TRANSPERFECT TRANSLATIONS
INTERNATIONAL, INC., Plaintiff–
Counter–Defendant–Appellant,

v.

MERRILL CORPORATION and
John W. Castro, individually,
Defendants–Appellees,

Brian Sennett, individually, Defendant–
Counter–Claimant–Appellee.

No. 05–0447CV.

United States Court of Appeals,
Second Circuit.

Dec. 16, 2005.

Eric Weinstein, Feldman, Weinstein LLP, New York, New York, for Plaintiff–Counter–Defendant–Appellant.

William Z. Pentelovitch, Maslon Edelman Borman & Brand, LLP (Mary R. Vasaly, Alain Baudry, Maslon Edelman Borman & Brand, LLP; John A. Snyder, Jackson Lewis LLP, New York, New York, on the brief), Minneapolis, Minnesota, for Appellees.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. DENNIS JACOBS, Circuit Judges.

### SUMMARY ORDER

Plaintiff-counter-defendant-appellant Transperfect Translations International appeals from a January 4, 2005, judgment entered pursuant to Federal Rule of Civil Procedure Rule 54(b) (Loretta A. Preska, *Judge*), granting defendants-appellees' motion for judgment on the pleadings and denying plaintiff's request for a preliminary injunction. The district court found that there was no adequate consideration given by Transperfect and that therefore

**314**

the non-compete agreement between Transperfect and Sennett was unenforceable.

Parties agree that Texas law governs. Our review of a motion for judgment on the pleadings is de novo, as is our review the district court's interpretation of the contract under Texas law. *King v. Am. Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002); *Light v. Centel Cellular Co.*, 883 S.W.2d 642, 647 (Tex.1994). Texas will enforce a non-compete agreement if it is ancillary to "an otherwise enforceable agreement at the time the agreement is made" and is reasonable in scope. Tex. Bus. & Com.Code § 15.50. A promise of continued employment to an at-will employee is not adequate consideration because the promise is illusory. *See Light*, 883 S.W.2d at 644. However, at-will employees can enter into binding non-compete agreements if additional adequate consideration is given. *See id.* at 644–45 & n. 5.

Plaintiff contends that clause 3 of the confidentiality agreement—that Transperfect "will have to disclose . . . certain Confidential Information" to its employees—constitutes a promise within the meaning of Texas law sufficient to make the agreement enforceable. We disagree. Looking at the agreement as a whole, we think it is much more natural to interpret the provision as a mere acknowledgment of the circumstances of employment rather than as a promise by Transperfect. First, the agreement recites its consideration: employee's continued employment. Nowhere else does it mention any additional consideration Transperfect has given. Second, the alleged promise in clause 3 falls under the "Employee Acknowledges" subheading of the agreement. A promise is a quite different thing from an acknowledgment. Moreover, when Transperfect wanted to make a promise in a subheading where it would otherwise have been inappropriate or curious, it was explicit about it. *See*

Non–Compete Agreement, cl. 11 ("Therefore, Employee *agrees* . . . ."; falling under "General Provisions" heading) (emphasis added). Lastly, it unlikely that a statement of consideration, which clause 3 allegedly is, would also contain a statement of what could only be past consideration and therefore plainly inadequate. *See id.* at cl. 3 (Transperfect "may have already disclosed" confidential information).

We have carefully considered plaintiff's remaining contentions and find them without merit.

For the reasons set forth above, the judgment of the District Court for the Southern District of New York is hereby AFFIRMED.